<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| THE ESTATE OF JEROME IOZZIA, et al., | |
| Plaintiffs, | Civil Action No. 14-3729 (RMB) |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |
| THE ESTATE OF JEROME IOZZIA, et al., | |
| Plaintiffs, | Civil Action No. 14-4000 (RMB) |
| v. | |
| POLICE OFFICERS TO BE IDENTIFIED, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | **APPLIES TO BOTH ACTIONS** |

These two matters come before the Court upon Plaintiffs' application seeking remand of their original and amended complaints to the Superior Court of New Jersey, Law Division. See <u>Estate of Iozzia v. New Jersey</u>, Civ. Action No. 14-3729 (RMB), Docket Entry No. 8.  The remand statute, 28 U.S.C. § 1447, enables a federal court (exercising jurisdiction over a matter properly removed from the state forum to the federal forum) to

remand that matter back to the state forum, <u>i.e.</u>, to the forum where the matter originated.

The Court sets forth a brief tutorial for the benefit of Plaintiffs. In the event a plaintiff commences a civil matter in the state forum, and the plaintiff's claims supply a viable basis for federal jurisdiction, the defendant may, but need not, seek removal of that matter to the federal forum in accordance with the requirements set forth in 28 U.S.C. § 1441 or § 1443. While a notice of removal, once filed, automatically severs the state court's jurisdiction over the original state action, the plaintiff may seek remand of the matter to the state forum, provided that the plaintiff does so in accordance with the requirements set forth § 1447. In the event the plaintiff's application for removal is proper and meritorious, the federal court grants the plaintiff's application and remands the matter to the state forum, hence restoring the state court's jurisdiction over the original action commenced by the plaintiff.

In contrast, in the event the plaintiff commences a civil action in the federal forum, the federal court has nothing to remand to the state court. In other words, the federal court cannot remand what was not removed.

Accordingly, here, this Court is without power to remand Plaintiffs' complaints to the Superior Court of New Jersey, Law Division, because this matter was not remanded to this Court.

That said, both of these actions have been administratively terminated, and Plaintiffs have no duty or obligation to proceed with litigating their claims here.  It is Plaintiffs' right to conclusively withdraw their claims at any time prior to their final adjudication and, upon such withdrawal, to have those claims litigated in the Superior Court of New Jersey, Law Division.  The Court interprets Plaintiffs' instant application seeking remand as a request to proceed with their cases in state court.

    IT IS, therefore, on this **30th** day of **July** **2014**,

    **ORDERED** that Plaintiffs' application docketed in <u>Estate of Iozzia v. New Jersey</u>, Civ. Action No. 14-3729 (RMB), as Docket Entry No. 8, is construed as Plaintiffs' application seeking withdrawal of all their claims, without prejudice to litigating those claims in the state forum; and it is further

    **ORDERED** that Plaintiffs' application is granted; and it is further

    **ORDERED** that the above-captioned matters are deemed conclusively closed; and it is further

    **ORDERED** that no statement in this Memorandum Opinion and Order should be construed as expressing this Court's opinion as to the merits of Plaintiffs' claims for the purposes of Plaintiffs' state court litigation; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the parties by means of electronic delivery.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**